## HOWARD ET AL. vs. THE STATE.

1. Where a sheriff, after having given bond as collector, and after having been charged with the amount of the tax-book by him received, resigns his office, he is not thereby relieved from the obligation imposed by his bond as collector, but is bound to pay into the State treasury the amount of the tax-book charged against him, deducting the delinquent list, if any there be.

2. When the tax-books are delivered to the collector, and the amount thereof is charged against him on the books of the auditor of public accounts, the collector becomes responsible for the amount of the tax-books, and his resignation of his office will not affect that responsibility, whether he proceeds to collect the taxes or not.

APPEAL from Morgan Circuit Court.

HAYDEN, *for Appellants.*

1. By the demurrers filed to the pleas of defendants, the State admits, that Waid Howard, as sheriff, resigned his office of sheriff of the county, before the collection of the *revenue, or any part thereof,* and whilst the same was wholly due and unpaid, and that Joseph Taylor was duly commissioned and qualified as sheriff of the county, and, as such, was *ex-officio* collector, and did collect the State revenue for the year 1839, amounting to the said sum of $317 75 cents, and converted the same to his own use, and that, therefore, the State of Missouri having duly appointed and commissioned him, Taylor, her collector *ex-officio*, ought not, and cannot charge him, said Howard, with said sum of money, collected at her own instance, and by her own appointed agent.

2. That, by the first section of the revenue law in the Digest of 1835, sheriffs are made *ex-officio* collectors of their respective counties, and upon the resignation of their offices as sheriffs, they cease to be collectors of their counties, and cease to be liable for the performance of the duties imposed upon them as such.

BAY, *Attorney-General, for the State.*

1. The entries in the books of the auditor of public accounts, against collectors of the revenue, are *prima facie* evidence of the indebtedness of such officers; the entries being made in public books, by a public officer, in the performance of a duty enjoined on him by law. (1 Phillips' Ev., 413–425; Renkendorf *vs.* Taylor's Lessee, 4 Peters' Rep., 349.) In this case, the official tax books of the corporation of the City of Washington, made up by the register, from the official returns of the assessors laid before the board of appeals, were held sufficient evidence to show the tax assessed upon an individual. The court remarked, that the book "was made out and arranged by an officer, in pursuance of a duty expressly enjoined by law. *This not only makes the tax books evidence, but the best evidence which can be given of the facts it contains.*"—1 Starkie on Ev., 208–212; 4 Pick. Rep., 280; Moore *vs.* Bank of Missouri, 6 Mo. Rep., 379.

46

2: By the first section of the second article of the act of 9th March, 1835, (Rev. Stat., 606,) the auditor of public accounts is declared to be the "general accountant," of the State, and the keeper of all public books, &c., relating to the accounts and contracts of the State, and its revenue, &c.; and by the fourth subdivision of the third section of the same article, it is made his duty "To audit, settle, and adjust the accounts of all collectors of the revenue," &c.     By the 28th section of the third article of the act of 14th March, 1835, concerning the revenue, (Rev. Stat., 538,) it is provided, that "immediately after every settlement made by any collector with the County Court, a copy of the record thereof shall be certified and sent to the auditor of public accounts;" and by the 33d section of same article, it is made the duty of the collector to pay into the State Treasury "the whole amount of revenue with which he may *stand charged;*" the obvious meaning of which is, all the revenue with which he may stand charged upon the books of the auditor of public accounts.

For the foregoing reasons, the court properly overruled the demurrer to the second assignment of breaches.

3. The ninth section of the first article of the act concerning the treasury department (Rev. Stat., 1835, p. 606,) makes certified copies, &c., required to be kept in the auditor's office, *evidence* in the same manner, and with the like effect, as the originals.   In Gurno *vs.* Janis, (6 Mo. Rep., 330,) this Court decided, that "whenever the law requires an officer to give a certificate of the existence of any fact, that the *certificate* so given is to be received in evidence of the existence of the fact."

If the *certificate* is evidence, then *à fortiori* is the *original* evidence, and the second assignment of breaches avers that defendant was charged, &c., upon the books of the auditor, &c.

4. The demurrer to the plea to the second assignment of breaches was properly sustained—

1st. Because the plea referred matter of law to the determination of the jury.— Fugate and Young *vs.* Carter, 6 Mo. Rep., 267; Bennett *vs.* Martin, 6 Mo. Rep., 460; Newman *vs.* Lawless, 6 Mo. Rep., 279.

2d. Because the plea does not state facts with sufficient certainty.—1 Chitty's Plead., 271; Thomas *vs.* Van Doren et al., 6 Mo. Rep., 201.

5. The demurrer to the last two pleas was properly sustained, because—

1st. The sheriff, by the resignation of his office of sheriff, does not thereby cease to be collector.   Although the statute declares that the sheriff shall be *ex-officio* collector, yet the collectorship is not in the proper sense of the term an *ex-officio* office.   The sheriff does not become collector until five months after his election as sheriff, and he continues to be collector for five months after his term of service, as sheriff, expires, so that, for a period of ten months, the sheriff is not collector, and the revenue is collected by a person who is not sheriff.— Rev. Stat., 1835, title, "Revenue," art. 2, sec. 1, p. 536.

2d. Even admitting that the sheriff, by the resignation of his office of sheriff, ceases to be collector, yet the pleas are bad, for the collector, upon the receipt of the tax-book, is charged with the whole amount due for taxes, which charge is

certified to the auditor of public accounts, and the collector becomes liable for the amount due, which liability certainly ` cannot be avoided by the resignation of his office of sheriff, but only by payment into the State treasury of the amount charged against him, deducting, however, the amount of the delinquent list, if any there be.— Rev. Statutes, 1835, title, " Revenue," art. 3, sec. 8, 9, 10, p. 536, and revenue laws *passim.*

3d. If the collector, by a resignation of the office of sheriff, could avoid the payment of the amouut of the tax book received by and charged against him, the whole amount thereof would be a loss to the State, as his successor in the office of sheriff would not be required to collect the amount of the tax book charged against the former collector, nor to make any settlement in relation thereto ; nor would any charge appear against him, on account of such tax-book, either on the records of the County Court, or on the books of the auditor of public accounts.—*Ibid.*

6. Courts have always paid great deference to the contemporaneous construction of laws by officers whose duty it was to execute those laws ; and the uniform construction given to the revenue laws by those officers has been directly the reverse of that contended for by the appellant.— *Contemporanea expositio est optima et fortissima in lege :* 2 Just., 11.

NAPTON, J., *delivered the opinion of the Court.*

This was an action brought by the State against the appellant, upon his official bond, as collector of the revenue in 1839. The first breach assigned in the declaration is, that defendant, as collector for the county of Morgan during the year 1839, received in payment of taxes due the State $317 75, which he refused and neglected to pay into the State treasury. The second breach is, that the said Howard, as collector of the revenue within the county of Morgan for the year aforesaid, was, on the first day of December of said year, charged upon the books of the auditor of public accounts of said State, with the sum of $317 75, as so much money by him received and collected during the year aforesaid, and being justly due and unpaid; and that said Howard has hitherto wholly neglected, &c.

The defendant pleaded, in answer to the second breach, that he was not rightfully and lawfully charged upon the auditor's books, &c. He further pleaded, in bar to the action, that on the 25th day of July, and before the collection of the State revenue, or any part thereof, due for said year, the said Howard, as sheriff and collector of said county, resigned his office, according to law; and had his resignation made known, in due form, to the then governor of this State, who thereupon, on the 3oth day of July, and before the collection of the State revenue, or any part thereof, appointed one Joseph Taylor sheriff of said county, and commissioned and authorized said Taylor to exercise all the powers and duties appertaining to his said office of sheriff. The plea further averred, that said Taylor, so being commissioned as sheriff, took the prescribed oath of office, and entered into bond pursuant to law, and entered upon the duties of his office, and that said Taylor, as sheriff, by virtue of his office, &c., did collect all the revenue of said county for the year 1839, and converted the same to his own use.

*Howard et al. vs. The State.*

It is not material to notice the other pleas which were filed, the disposition of which in no wise affects the merits of the question presented in the record. The attorney-general demurred to the above-recited pleas, the demurrer was sustained, and judgment given for the State on the demurrer.

The only important question presented by the pleadings is, whether the resignation of a sheriff, after he has given bond as collector, and the appointment of a successor, will relieve him from the obligations of his bond.

The sheriff is, by the act relating to the revenue, declared to be *ex-officio* collector; yet, in examining all the provisions of the same act, we find, that the offices are only so far inseparable, that before a person can be collector he must fill the office of sheriff. But the sheriff is not always the collector; nor is the collector necessarily the sheriff. From the first Monday in August until the first of January succeeding, the sheriff and collector are two different persons. The sheriff cannot, by the law as it was in 1835, under which this case was determined, assume the duties of collector until after the first of January; he continues in office as collector five months after the expiration of his office as sheriff. He gives bond as sheriff, and bond as collector, and the whole scope of the law indicates the intent of the legislature to impose on the sheriff the burthen of collecting the revenue, leaving at the same time the duties and liabilities, and term of service, of the two offices distinct and separate.

After the sheriff enters on the duties of collector of the revenue, the tax books are placed in his hands, and he gives a receipt for the same; the aggregate amount of the tax books is certified to the auditor of public accounts, and that amount is charged to the collector as so much money due and owing from him to the State. This account is *prima facie* evidence against the collector, and he can only discharge his liabilities by paying the amount into the treasury, deducting the amount of the delinquent list.

I do not doubt but that the collector may resign his office, as well as the sheriff, and that the sheriff, where he fills both offices, as he does during nineteen months of his term of service, may, by his resignation of the office of sheriff, relieve himself from the duties of collector.

But this privilege or right which may be considered applicable to all public offices, must not be exercised so as to affect injuriously the rights of the public. The resignation of the office of sheriff does not affect the liabilities of that officer on his official bond, nor will the resignation of the office of collector, when distinct from that of sheriff, or when united in the same person, release the incumbent from liabilities incurred.

When the tax books are delivered to the collector, and he receipts for the same, and the amount is charged against him at the proper department of State, the collector has become responsible for the taxes, and his resignation of that office will not affect that responsibility, whether he proceeds to collect them or not. No provision is made in our law, by which his successor is required to give bond for the taxes of that year; nor does any charge appear against that successor in the office of the auditor, and the collector who has receipted for the taxes is responsible, or they are a loss to the State.

This is like the case of a sheriff who commences on a particular duty, and before the completion of that duty resigns his office, or his term expires. Upon common law principles, and apart from any specific regulations of our statutes, the sheriff was authorized to complete the act thus commenced, and he was, of course, responsible if such act was not completed or not legally performed.— Cooper *vs.* Chitty, 1 Black. Rep.; 2 Lord Raymond, 1072.

The collection of the revenue due in any specified year is one entire act, and is incapable of subdivision; for it is apparent, that no means are provided by which it could be ascertained what portion was collected by one and what by another. The existence of two different collectors during the same year is therefore not contemplated by our statutes.

If the collector, previous to giving bond, resigns, the difficulty does not arise; and if subsequently to giving bond, and previous to his acceptance of the tax lists, or doing any act towards the collection of the revenue, he resigns, he cannot be held responsible for the performance of a duty not undertaken or commenced. But the plea of defendant does not make out such a special case; it avers generally, that before the collection of the State revenue, or any part thereof, the defendant resigned, &c. This was no answer to the declaration, and we are, therefore, of opinion, that the judgment of the Circuit Court upon the demurrer was right.

Judgment affirmed.