*Brown* vs. *King & Fisher.*

---

BROWN vs. KING & FISHER.

1. The record of a former recovery apparently for the same cause of action, is *prima facie* evidence only that the cause had been once tried—and may be repelled by evidence shewing that the ground of the subsequent action is separate and distinct from the demand made on the former trial, and arose out of a separate transaction. A recovery for bacon sold in September, is no bar to a suit for bacon sold in August.

## APPEAL from St. Louis Circuit Court.

THOMAS *for the Appellant.*

1. An account for goods sold is an entire demand incapable of being split up into several suits : and if suit is brought for part, it bars another for the residue : *Nemo vexari debet bis pro eadem causa.* Guernsey vs. Carver, 8 Wend. 492. Miller vs. Covert, · 1. Wend. 487. Smith vs. Jones, 15 Johns. Rep. 229. Farrington et. al. vs. Payne, 15 Johns. Rep. 432. Willard vs. Sperry, 16 Johns. Rep. 121. Phillips vs. Berich, 16 Johns. Rep. 136. Brockway vs. Kinney, 2 Johns. Rep. 210. Platner vs. Best, 11 Johns. Rep. 530. Ingraham vs. Hall, 11 Serg. & Rawle 78. Burmel vs. Pinto, 2 Conn. Rep. 431. Lane vs. Cook, 3 Day's Rep. 255. Lord Bagot vs. Williams, 3 Barn & Cress, 235. (10 Eng. Com. Law. Rep. 62.) Even an award is binding upon the parties against all causes of action existing prior to the submission. Newland vs. Douglass, 2 Johns. Rep. 62. Barlow vs. Todd, 3 Johns. Rep. 366. 2 Wils. 148. DeLong vs. Stanton, 9 Johns. Rep. 42. Wheeler vs. Van Houton, 12 Johns. Rep. 311. How much more so ought a judgment rendered by a Court of competent jurisdiction to be a bar against all claims or causes of action existing at the time, and which might have been included in the judgment—especially when it is shown, as in this case that the judgment offered in evidence was upon a claim or demand indivisible in its nature, between the same parties, and that the present suit is for a *part* of that entire and indivisible demand. A judgment and satisfaction of a Court having competent jurisdiction, bars a recovery for any cause of action that might have been included in that judgment, and such judgment can either be pleaded by way of *estoppel* or given in evidence under the general issue.

2. The Court below erred in allowing appelles to introduce other testimony after they had closed their case, and after appellant has testified—appellees being summoned as witnesses to testify on the part of appellant, but they refusing to be sworn.

3. The Court below erred in refusing the instructions asked for by appellant's counsel.

4. The Court below erred in refusing to grant a new trial, because the verdict was against evidence, and whenever the jury have clearly erred, and the Court refuses a new trial, it is error. Clemens vs. Laveille & Morton, 4 Mo. Rep. 80. It is error where the evidence strongly and decidedly preponderates the verdict. 3 Mo. Rep. 464. ; 6 Mo. Rep. 61.; 8 Mo. Rep. 518.

TODD *for the Appellees.*

1. The Court did not err in permitting Cammack & Durno to testify after Brown had testified. 7 Mo. Rep. p. 115. ; 8 Mo. Rep. p. 26. The statute forbids it only to the party who calls upon his adversary, who upon such call does testify. Revised Code of 1845, p. 655, §25.

2. The Court did not err in refusing to give the instructions asked for by Brown.

Not in refusing the *first,* because the cause of action in this suit was complete in itself, and in no wise connected with, and is distinct from, and independent of, the cause of action in the former suit—and the instruction admits that it was not included in the former suit.

Not in refusing the second, because it is not the law, but the law is that when the pleadings in the former suit are so general that what was embraced in the former suit don't distinctly appear, and the cause of the present action might have been embraced in it, it will be presumed that it was, but even parol evidence is allowed to show the contrary. But when the former suit was special and particular in its pleadings as to the causes of action prosecuted, then it is a bar only to those in a future suit. Such is the character of the former suit offered in bar to this. Suppose a man had two notes at the same time due against the same man, and he should sue on one and

recover—could this recovery be pleaded in bar to a future suit for the recovery of the other note? Besides, this item was not kept back by fraud, or for vexation, but by a mistake.

Nor did the Court err in refusing to give the third instruction. Upon this the appellees think no remarks required. The principle of the instruction, it is believed, was never urged in a Court of law.

3. Respecting the evidence, there being some on both sides, this Court will not disturb the verdict. 7th Mo. Reps. p. 220. 8th Mo. Reps. p. 431.

NAPTON, J., *delivered the opinion of the Court.*

The present action was brought before a Justice of the Peace in October, 1844, and the following account was filed as the cause of action : —

> M. W. BROWN                                         *Dr.*
>      To                         *King & Fisher,*
> Aug. 24, 1843, 1555 lbs. spoiled Bacon, 1-2c...............$7 77
>               1056 lbs.   do        do  1-2c............... 5 28
>                                                         ————
>                                                        $13 05

The plaintiffs, King & Fisher, obtained a judgment before the Justice, and an appeal being taken, the case was tried in the Circuit Court and a judgment was also there had for them, from which the defendant Brown, has appealed to this Court. On the trial in the Circuit Court the account was proved by the clerk of King & Fisher. The defendant then gave in evidence a transcript of a judgment rendered before a Justice of the Peace, December 5, 1843, on a demand stated as follows : —

> M. W. BROWN                                         *Dr.*
> 1843.              To              *King & Fisher,*
> Aug. 9.   For 2080 lbs. spoiled Bacon, 1-2c.................$10 40
> Sept. 11.     2613 lbs.   do        do  ............... 13 06
>                                                         ————
>                                                        $23 46

The defendant then introduced a witness, who testified, that he was in Brown's employment during the years 1842 and 1843—that Brown was a soap boiler—that witness purchased the grease, ashes, &c., used in the manufactory,—that he bought for Brown, from the plaintiffs, spoiled bacon several times—August 4th, 9th and 24th, 1843, and perhaps in June and July of the same year—that he never bought any after August 24, 1843, and was confident that Brown never bought any on the 11th Sept. 1843, because it was his business to make these purchases, &c.

The plaintiffs having been subpœnaed to testify, and failing to appear, the defendant himself testified that he did not owe the demand sued for, —that he had paid it under a different date, to-wit: Sept. 11, 1843— that when the demand sued on before Justice McKenny was presented to him, he did not discover that the date of the last item was incorrect, and when he was sued thereon, he immediately went forward and confessed it—that he personally never purchased spoiled bacon from King & Fisher, but his man Usinger, (who had been examined as a witness,) made several—that none were made after August, 1843.

The plaintiffs then recalled their first witness, to which objection was made, but overruled. This witness stated that he made the sales of bacon, and remembered distinctly selling the bacon charged in the bill sued on, to Usinger for Brown—he directed the clerk who made the entries of sale to charge the same to Brown—this was done on the day of sale—could not recollect the precise number of sales unless by referring to the book of entries. On being shown this book, he pointed out various entries, as follows : —

          August 4th, 1843—3061 lbs.....................$16 21 paid.
          "       9th, 1843—2880 lbs..................... 10 40
          "      24th, 1843—2611 lbs..................... 13 05 paid.
          Sept. 11th, 1843—2613 lbs..................... 13 06

The above was sold to Brown, and entries made by witness's direction. The first quantity was sold to Brown in person, and paid for at the time. On cross examination, he was asked if there had been an alteration in the number of pounds charged Sept. 11, 1843, from 2611 to 2613—he replied he thought not, because, if so, there must also be an alteration in the carrying out of the sale—that at the time of the sale he did not know the first name of Brown, but the entries were made by the clerk under direction of witness.

The book-keeper of the plaintiffs was then examined—who testified, that when he came to post the books he found that the item of August 24, 1843, was charged to Brown—that owing to the ignorance of the salesman and clerk, this item was so charged in the day book that he posted this item to the debit of W. Brown, of Illinois, also a customer of plaintiffs —that some time after this the plaintiffs having presented said account to W. Brown, said Brown wrote to him denying having received any bacon on the 24th August, 1843—that on discovering his error, witness sent the account to defendant, who refused payment, although at the time of making said demand, said defendant produced to witness the identical bill which he had received with the bacon when he purchased it, and for

which this suit is brought—but which defendant stated he had paid for by paying the bill dated the 11th September, 1843, and endeavored to convince witness of this by pointing out the similarity of the two bills in all but the date, there being a difference of but two pounds in the amount of bacon, and but one cent in the sum extended in each of them.

The defendant then asked the Court to declare the law to be:—

1st. That if it be established from the evidence that the present cause of action contained in the plaintiffs's account was due and might have been included in the suit before Justice McKenny, the plaintiffs cannot recover in this action.

2nd. That a judgment and satisfaction in a Court having competent jurisdiction, is a bar to a subsequent recovery for any cause of action that might have been included in the former action.

3rd. That if the present cause of action existed prior to the date of the suit before Justice McKenny, the record of which was given in evidence by defendant, and that the same might have been included in said suit, the cost in the present case ought to be adjudged against the plaintiffs.

But the Court refused so to declare the law, and the case being submitted to the judge without a jury, a verdict and judgment were had for the plaintiffs. The defendant excepted to the various opinions of the Court unfavorable to him, and has brought the case here by appeal.

The errors assigned are, the admission of testimony on the part of the plaintiffs after the defendant had testified,—the refusal of the instructions asked, and the refusal to grant a new trial.

Whatever doubts may have existed as to the construction of the act of 1835, which allows a party in a justice's court to call upon his adversary to testify, and in case of his refusal to testify himself, the provision on this subject in the revision of 1845 is explicit enough. The 25th Section of the 5th Article, which is the one allowing this privilege, declares, that if a party testifies under this provision after being called on to do so by his adversary, no other testimony shall be heard in the case, *on behalf of the party so calling on his adversary.* This restriction we understand to extend not only to cases where the party called on testifies, but also to a case like the present, where the party called upon by his refusal to testify puts it in the power of his adversary to testify for himself. In either event, the party choosing to rest his case upon the oath of his adversary, or upon his own oath, is not allowed to call in other witnesses.

This case was tried in November, 1845, in the Circuit Court, and

consequently after the act regulating Justices' Courts in the Revision of 1845 had gone into operation. But had the Revision of 1835 been in force at the trial, we could not say that its provisions on this point must not have been restricted by implication to the same extent they have been in terms by the subsequent Revision of 1845.

The instructions or statements of the law supposed to be applicable to the facts, which the Circuit Court was called upon to give, were properly refused. A correct and concise exposition of the law applicable to this case, and to cases of a similar character, may be found in Phillips vs. Berick, 16 Johns. Reps. 138. In that case the Court held that, the record of a former recovery apparently for the same cause of action as that which is the foundation of a subsequent suit, is *prima facie* evidence only, that the demand had been once tried, and the plaintiffs may repel it by showing that it was a distinct demand in relation to which no testimony had been offered on the trial in the former cause, and that it arose out of a distinct and unconnected transaction. If the plaintiff will bring an action for a part only of an entire an indivisible demand, the verdict and judgment in that action are a conclusive bar to a subsequent suit, as where the plaintiff brought several suits for three barrels of potash sold at the same time. Smith vs. Jones, 15 J. R. 229. But the instructions assume that a recovery by the plaintiff for 2613 lbs. of bacon sold and delivered on the 11th Sept. 1843, was a bar to any other claim for bacon sold before that time, although it might appear from the testimony that it was a distinct and disconnected transaction. Such an exposition of the law as the defendant desired, would have precluded all the testimony of the plaintiff, the object of which was to show that the sale of bacon on the 24th of August was not included in the recovery before Justice McKenny, and that its omission from the account then sued on, occurred through accident or mistake.

The only remaining point made by the appellant is, that the verdict was not warranted by the evidence. The rule which this Court has adopted in applications of this kind, has been so frequently stated as to render it superfluous to repeat it here. This was a case, as the statement of the evidence clearly shows, most suitable for the investigation of a jury, or as the parties preferred, of the Court which heard the witnesses. The testimony was exceedingly contradictory, and we cannot hope to find a verdict more satisfactory than the one found by the Circuit Court.

Judgment affirmed.