# W. A. EDMONSTON, Appellant; v. E. E. JONES, Respondent.

### St. Louis Court of Appeals, August 4, 1902.

1. **Conversion: TITLE: CHATTEL MORTGAGE: RECORD: PRACTICE, TRIAL.** In an action for the alleged conversion of some hogs it appeared that defendant claimed title to them under a chattel mortgage by plaintiff which upon default permitted the mortgagee to take possession of all the property "or any part thereof." The court excluded the record of a prior suit by this defendant against plaintiff which showed that the animals had been claimed therein but that the statement in replevin had been amended afterwards so as to omit them and a judgment followed for this defendant for other property mentioned in the chattel mortgage: *held*, that said ruling was correct and that the record did not show any splitting of defendant's claim for the property in the prior suit.

2. **Cause of Action: SPLITTING OF CAUSE OF ACTION: CONSENT OF ADVERSE PARTY.** With consent of the adverse party the splitting of a cause of action is immaterial.

3. **———: ———: KNOWLEDGE OF PARTY.** Where plaintiff has no knowledge of facts which make a suit brought by him a splitting of his demand, or cause of action against defendant, he is not chargeable with the penalty affixed by the doctrine of splitting a cause of action.

4. **Power of Sale Under Mortgage.** It is often the duty of one exercising a power of sale under a mortgage to sell in parcels and not in bulk.

5. **Chattel Mortgage: CONDITION BROKEN: POSSESSION OF PROPERTY.** After condition broken the mortgagee in a chattel mortgage is entitled to the possession of the property thereby conveyed.

6. **Evidence: PRACTICE, TRIAL: PRACTICE, APPELLATE.** Where evidence is excluded at the trial on a ground then assigned, no other ground for its admission is available on appeal; but if the ruling of the trial court is correct on any ground it will be sustained upon appeal, whether that ground was assigned at the trial or not.

7. **Judgment: ESTOPPEL: PARTY: SPLITTING CAUSE OF ACTION: PRACTICE, TRIAL.** How far a judgment may be used to

estop one not a party thereto is left undecided; but it is held that by securing a result which splits a cause of action one may preclude his bringing another suit for items omitted but which properly formed part of the original demand.

8. **Justice's Courts:** JUDGMENT: POSSESSION: ADJUDICATION. A judgment of a justice of the peace for possession of chattels is a conclusive adjudication of the right to possession as found by the judgment.

9. **Conflicting Instructions:** ERROR: PRACTICE, TRIAL. Conflicting instructions are erroneous; but an appellant can not successfully complain of such a conflict when it is unduly favorable to him.

10. **Error, Harmless.** When an error is demonstrated to be harmless, as against the party appealing, it will be disregarded and should not form the basis of a reversal.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*D. A. Murphy* and *J. D. Hostetter* for appellant.

(1) · The court erred in excluding the papers in the replevin suit of E. E. Jones v. Mrs. Mary Rickey, and other evidence proffered by plaintiff for the purpose of showing that Jones had split his cause of action and had abandoned his effort to recover the hogs in controversy in said replevin suit, and had proceeded to judgment for other property described in the writ, all of which constituted but one cause of action, both chattel mortgages having been given to secure one and the same note. Bank v. Tracey, 141 Mo. 258, and cases there cited; Cunningham v. Union Cas. Surety Co., 82 Mo. App. 607, and cases there cited; Laine v. Francis, 15 Mo. App. 107. (2) Plaintiff is entitled to a judgment for nominal damages by reason of the trespass committed by the defendant in entering into plaintiff's enclosure and taking the hogs therefrom. Defendant Jones admits that plaintiff did not give his assent to such entry and taking

of such hogs. Defendant procured what he termed consent from McCowen Brothers, by threatening them with a replevin suit, something which he had forfeited all of his right to maintain. As a matter of fact, the evidence shows that plaintiff himself was in the possession of the pasture where the hogs were kept, and that the pasture was not leased to McCowen Brothers, and that even if the latter could be considered as being in possession of the hogs and the inclosure where they were kept, the evidence falls short of showing their consent to the entry and taking of said hogs. Defendant admits that they refused to sign an agreement prepared by him authorizing him to take the hogs. Am. and Eng. Ency. Law 26, p. 581. Clay v. Board, Mo. App. Rep. vol. 3, of June 20, 1900, page 497. Jones v. Hannovan, 55 Mo. 452. Hahn v. Cotton, 136 Mo. 226. (3) A judgment can not be divided so as to permit a judgment upon a part of the claim, leaving a right of action as to the residue. Funk v. Funk, 35 Mo. App. 246. A judgment on a part of a demand is a bar to an action on the balance. Laine v. Francis, 15 Mo. App. 107; Bank v. Branch-Crookes Saw Co., 104 Mo. 440; Montgomery v. Gann & Mathers, 51 Mo. App. 187; Oester v. Sitlington, 115 Mo. 247. (4) The court erred in giving instructions on behalf of defendant. Numbers 4 and 6 are in conflict with and contradictory to plaintiffs' first instruction and totally ignores it, which is reversible error. Frank v. Railway, 57 Mo. App. 181; Evers & Hunt v. Shumaker, 57 Mo. App. 454; Redpath Bros. v. Lawrence, Manning & Cushing, 42 Mo. App. 101.

*R. D. Rodgers* and *O. Hitt* for respondent.

(1) The appellant complains that error was committed in not allowing him to introduce in evidence the papers in the replevin suit of E. E. Jones v. Mary E. Rickey, for the purpose of showing that respondent herein had split his cause of action in said replevin suit.

"To split a cause of action is to bring separate action for parts of a claim or several actions when one action would suffice." Anderson's Law Dictionary. There was no pretense on the trial of this case, nor is there any now, that respondent, Jones, ever brought a suit against appellant, or that he ever brought more than one suit at any place or time, or against any person or persons. (2) On the question of splitting the cause of action the respondent contends as follows: (a) In this case there can not be any question of splitting a cause of action raised against him for the reason that that principle has no application to the facts in this case. (b) If the principle of splitting a cause of action did have any application to the facts in this case, the trial court committed no error in excluding the proffered evidence for the reason that if appellant desired to prove a splitting of cause of action by Jones he should have pleaded it. (3) A party, having a right to include a number of things in one suit, who includes only a part of them, loses his remedy for obtaining those things not included in the first suit. He does not lose his right but simply his remedy. Under our code of civil procedure, section 607, the plaintiff may allege in ordinary and concise language and without repetition, any new matter not inconsistent with the petition, constituting a defense to the new matter in the answer. (4) The new matter set up in the defendant's answer was to the effect that he owned the hogs, that plaintiff had wrongfully taken them and that defendant had found them on the premises of the plaintiff and took them to his home with the consent of Edmonston or those in charge of said hogs and premises. If the plaintiff desired to show that defendant Jones was estopped from claiming the ownership of said hogs notwithstanding he may at one time have owned them, that was new matter and should have been pleaded. Glenn v. Priest, 48 Fed. Rep. 19; Northup v. Mississippi, etc., 47 Mo. 443; Musser v. Adler, 86 Mo. 445-449. (5) The case of Glenn v.

Priest, supra, was decided by Judge Thayer of the Circuit court of the Eastern district of Missouri, and is directly in point. (6) The instructions in nowise conflict, with or contradict each other; but appellant's first instruction is far more favorable to him than the law would permit, in that it ignored the settlement made by Mrs. Rickey and Jones on January 2, 1899, as testified to by Jones and Howell on the stand, and as shown by the subsequent conduct of Mrs. Rickey and her son. A party can not complain that an instruction given at his instance conflicts with the one given for the other party, when such conflict constitutes error in his favor. Alexander v. Clark, 83 Mo. 482; Vail v. Railroad, 28 Mo. App. 372-377; Haux v. Batteen, 68 Mo. 84-89; Crews v. Railroad, 19 Mo. App. 311; Shell v. Ins. Co., 60 Mo. App. 644-649.

BARCLAY, J.—This is a suit for damages for trespass. The amended petition of the plaintiff presents. two counts. Their substance is as follows:

First Count. Plaintiff charges that he was owner of 39 hogs of the value of $300, May 25, 1899, and that defendant, on said date, willfully and maliciously entered plaintiff's inclosure where the hogs were, drove them away and converted them to his own use, for which acts plaintiff asks judgment for the value of the animals and exemplary damages in the sum of $200, charging that the acts were wantonly and maliciously done.

Second Count. The foregoing facts are repeated and it is added that defendant maliciously and willfully entered and broke plaintiff's close where the hogs were and drove them away, to plaintiff's damage in the sum of $305, "being the value of said hogs and damages for the trespass thus committed against plaintiff's said rights and upon his said premises." Plaintiff also prays in the second count for $500 exemplary damages for the wanton and malicious acts alleged.

In each of the foregoing counts plaintiff charges that he is the owner of the hogs.

The answer of defendant admits that, May 25, 1899, plaintiff was the owner of the premises, denies that he was in possession thereof, and charges that said premises were at that time in possession of two other named persons. Defendant alleges that he was the owner of the hogs which plaintiff caused to be taken to the latter's premises where defendant found them, May 25, 1899, and that thereupon defendant, with the knowledge and consent of plaintiff and of the persons in charge of the premises entered the latter and drove the hogs away as he says he had the right to do. The answer further denies generally the other allegations of the petition.

Plaintiff filed a reply denying all the new matter in the answer.

There was a trial before the court with the aid of a jury resulting in a judgment for defendant. Plaintiff appealed after an unsuccessful motion for a new trial and the saving of exceptions.

The material facts will be stated along with our rulings.

1. Plaintiff's leading cause of action is his claim for the value of the hogs. On that branch of the case some documentary evidence was offered by plaintiff and excluded by the court. That ruling forms the chief point of controversy on this appeal.

Plaintiff's claim of title to the animals is based upon a transfer of them by Mrs. Rickey, March 18, 1899, evidenced by a memorandum to the effect that they were delivered in payment of plaintiff's fee as an attorney in a prior case between her and the present defendant, Mr. Jones. It was the record in that case which was excluded. In substance, it shows that the plaintiff therein, Mr. Jones (now defendant), brought a statutory action of replevin against Mrs. Rickey, before a justice of the peace in Audrain county, March 2, 1899, upon a statement claiming possession of certain hogs

and also of the personal property described; that Mr. Jones as plaintiff, later (March 7, 1899) filed an amended statement omitting the hogs, which had not been seized under the order of delivery, and claiming only a portion of the other property first demanded; that afterwards a judgment in favor of plaintiff was rendered for possession of the property, one mill damages, and costs.

The offer of this record was declared by plaintiff's counsel to be ''for the purpose of showing a splitting of his cause of action by Mr. Jones against Mary E. Rickey.'' Objection being made to the competency and relevancy thereof the record was excluded, and exceptions duly saved.

The previous testimony in the case at bar tended to show that business dealings between Mrs. Rickey and Mr. Jones had taken place leading to the replevin suit before the justice. Mr. Jones claimed that the hogs in question and other property were covered by a chattel mortgage executed by Mrs. Rickey to him, September 20, 1898 (recorded on the same day), to secure a note for $1,352 and interest, payable twelve months thereafter. There was an acute conflict of evidence as to the amount of liability which remained at the time when the dispute arose between the parties to that loan. We need not go into that issue fully. It appeared that the hogs had not in fact been taken from Mrs. Rickey until she delivered them to plaintiff as his fee for services to her in the replevin suit. Afterwards Mr. Jones discovered them on the premises of plaintiff and took them away. Defendant claims that he did so by consent of the persons who had them in charge. Plaintiff's testimony is to the contrary, but that question was submitted to the jury by plaintiff's third instruction and by the fourth for defendant, so we need not pursue the subject further. It is mentioned to indicate the state of the facts bearing on the admissibility of the replevin record.

One passage in the chattel mortgage (read in evidence in the case at bar) should be noticed, as follows:

"The property hereby sold and conveyed to remain in mortgagor's possession until default be made in the payment of the said debt and interest or some part thereof; but in case of a sale or disposal, or attempt to sell or dispose of said property, or a removal of, or an attempt to remove, the same from the county in which it is now located in the State of Missouri, or an unreasonable depreciation in the value thereof, the said mortgagee, or legal representative or assigns, may enter the premises and take possession of and remove said property, and demand, replevin, trespass or right of action for damages by reason thereof are hereby waived by said mortgagor.

"Upon taking possession of said property, or any part thereof, either in case of default or as above provided, the said mortgagee, or legal representative, may proceed to sell the same, or any part thereof, at public auction, to the highest bidder, for cash, at place to be designated by said mortgagee, said place to be in the county in which said property is located, at the time of advertising, first having given five days' public notice," etc.

The learned counsel for appellant submitted an interesting and forcible argument to show that defendant (then plaintiff) by the amendment of his statement in replevin, withdrew the hogs from the scope of that action, and that he abandoned all claim to the hogs in consequence.

How far the judgment in that case could be used as an estoppel in favor of one not a party thereto, in view of the decisions in Missouri (Henry v. Wood, 77 Mo. 277; State ex rel. Hospes v. Branch, 134 Mo. 592) it will not be necessary to inquire. It can not be doubted that a party may often bar future litigation by splitting a valid cause of action, involving several particulars so as to bring about a result which will preclude his vexing his adver-

sary twice as to some of them. Brown v. King, 10 Mo. 56; Wheeler Sav. Bank v. Tracey, 141 Mo. 252.

On the other hand, even the splitting of the cause of action amounts to nothing if the party affected thereby consents to it. First Nat. Bank v. Nooman, 88 Mo. App. (K. C.) 372; Turner v. Lord, 92 Mo. 117; Reed v. Foote, 36 Mo. App. (K. C.) 470; Kavanaugh v. Shaughnessy, 41 Mo. App. (St. L.) 657.

The plaintiff in replevin was demanding possession of the personal property in question under the chattel mortgage already quoted. It was overdue and, according to his version, unpaid. Various contentions are made in this case to establish a settlement and other defenses to the mortgage. But Mr. Jones evidently regarded that document as valid and in force. The judgment for possession of the chattels described in his amended statement before the justice is an adjudication of his right to possession thereof.

After the condition of payment in a chattel mortgage is broken, the mortgagee is entitled to the possession. Robinson v. Campbell, 8 Mo. 364; Bowens v. Benson, 57 Mo. 26.

Where the power of sale, as here, extends to all or to any part of the property mortgaged, by virtue of the contract of the parties, it can not justly be regarded as a splitting of the cause of action where the mortgagee sues in replevin for only a part of the property. He is fortified in so doing by the terms of the agreement he seeks to enforce.

Even where a plaintiff splits his cause of action indeed, but without knowledge of facts to charge him with the legal consequences of doing so, the doctrine invoked by plaintiff has been held inapplicable. Moran v. Plankinton, 64 Mo. 337. In the case before us the debtor agreed that the mortgagee might, on default, take possession of the whole property "or any part thereof" and might proceed "to sell the same or any part thereof." That language amounts to a consent to the mortgagee to

demand, and, if necessary, to recover by replevin a part of the property, without waiving his right to subject the rest to the liability created by the contract.

It might be, and it often is, the duty of one invested by a mortgage with a trust for sale to sell in parcels and not in bulk.   Jones, Chattel Mortgages (4 Ed.), sec. 797. In asserting the right to exercise the power of sale, according to the terms agreed, Mr. Jones did not split his cause of action in any respect.   And so the learned judge was correct in his ruling.

2.   Whether or not the replevin record was admissible for other reasons need not be discussed, since appellant is limited to the reason he gave at the time he made the offer of evidence.   Yet if the action of the court is correct it will be sustained on any ground, whether then assigned or not assigned by any one.   State ex rel. Beckwith v. Finn, 100 Mo. 429.

3.   Complaint is made by the appellant that the first instruction given on his behalf conflicts with the fourth and sixth of the series of instructions given for defendant.   The proposition of law invoked by plaintiff is sound.   It is error to give instructions which are in conflict.   But a party can not successfully complain of a want of harmony in the instructions which is unduly favorable to him.   In that case the error is harmless and should be disregarded, under the principles of our procedure which require appellate courts to disregard harmless error.   R. S. 1899, secs. 659, 865.   But we find no conflict in the instructions cited.   The supposed conflict is imaginary.

The judgment is affirmed.   *Bland, P. J.,* and *Goode, J.,* concur.