ARETTA THOMPSON, Respondent, v. WHITE SEWING MACHINE CO., Appellant.

**Kansas City Court of Appeals, May 4, 1914.**

1. **CHATTEL MORTGAGE: Conversion:  Repair:  Possession.** A sewing machine company sold to a purchaser a machine and took a note, secured by chattel mortgage on the machine for the balance of purchase money payable on demand.  All was paid but balance of $8.  The purchaser delivered the machine to the company to be repaired.  The company repaired it but refused to deliver back to the purchaser until the balance on the note then past due, be paid.  The purchaser then brought action in conversion for the value of the machine.  It was held that the company had the right to hold possession and conversion would not lie.

2. ————: **Possession for Repair: Redelivery.** A mortgagee in a chattel mortgage has the legal title after default in payment of the note secured, and is entitled to the possession.  And the fact that he obtains that possession for the purpose of repairing the chattel does not deprive him of the right to refuse to redeliver until payment is made.

3. ————: **Demand: Refusal of Possession.** A note payable on demand secured by chattel mortgage will be considered to be demanded by the refusal of the mortgagee to deliver possession of the chattel unless the note is paid.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

REVERSED.

*A. Bowers* for appellant.

*Thompson, Griswold & Thompson* for respondent.

ELLISON, P. J.—Plaintiff's action is for trover and conversion of a sewing machine. She recovered judgment in the circuit court for sixty-two dollars.

It appears that plaintiff bought the machine from defendant for seventy dollars putting in her old machine for $28, and executing her note due on demand for $42 balance, payable in monthly instalments of $3, and a chattel mortgage securing payment of the note wherein possession was reserved to her; but providing that if the note was not paid when due, possession could be taken by defendant. After she had paid all but a balance of $8 on the note, the machine became out of order and she requested defendant to take it for repair. They did so, and after repairing it, refused, on her demand, to redeliver until she paid the balance on the note. At this time the last installment had been due more than a year.

We cannot see any legal ground upon which plaintiff should be allowed to maintain her action. After default in the payment of the note according to its terms, defendant became the legal owner and entitled to the possession of the property. [Robinson v. Campbell, 8 Mo. 364; Bowens v. Benson, 57 Mo. 26; McCandless v. Moore, 50 Mo. 511; Lacy v. Gibson, 36 Mo. 320; Edmonston v. Jones, 96 Mo. App. 83; Turner v. Brown, 82 Mo. App. 30.]

Defendant had a right to enforce that possession by an action at law, and we do not see why, if it finds itself in peaceable possession, it should surrender such possession to the mortgagor so as to force itself to bring an action for the property. This mortgage contained also a clause giving defendant a right of possession if it was misused by plaintiff, or if defendant felt it necessary or its better security. The fact that defendant obtained possession to repair did not estop it from asserting the rights secured by the mortgage. A default in payment might occur while the mortgagee is repairing, or the mortgagee might discover while re-

pairing that other conditions of the mortgage were broken. It seems absurd to say he is to go through the form of delivery back to the mortgagor before asserting his right.

It is suggested that the note was not due until demand and therefore as no demand had been made the mortgage condition was not broken. This is not true in point of fact. Defendant refused to deliver the machine unless the balance on the note was paid. This was a demand.

The judgment is reversed. All concur.