BOBB et al., Appellants, v. BOBB.

**Equity Pleading**: MULTIFARIOUSNESS. A bill against several defendants to set aside several distinct conveyances made to them separately on the ground of fraud—one general right being claimed—is not multifarious.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

This was a bill in equity filed by John H. Bobb and Martrom D. Lewis, public administrator of the city of St. Louis, in charge of the estate of Charles L. Bobb, deceased, against Charles Bobb, Martha E. Bobb, William C. Jamison, Jane R. Perker, George W. Cline, Thomas Howard, William H. Letcher, Marshall D. Lyle, August Jackman, Leicester Babcock, George R. Hincke, Peter W. Hincke, Levi L. Ashbrook, Frank R. McGinness, Joseph Tippett, Elizabeth V. Peebles, Rufus W. Bailey, Amanda S. Rose, Louis H. Rose and Cora S. Taylor. The bill stated that in 1870 a bill in equity was filed in the St. Louis circuit court on behalf of the plaintiff, John H. Bobb, and of Charles L. Bobb, now deceased, and whose administrator is a party plaintiff herein, and of Lucy G. Taylor, who, before judgment, assigned her claim to John H. Bobb, in which bill the plaintiffs therein sought a decree in equity against the defendant, Charles Bobb, for an accounting and for judgment for the sum which should be found due

them respectively upon an accounting. The bill further stated that in this suit brought in 1870, such proceedings were had that on the 15th day of June, 1878, the circuit court of the city of St. Louis, rendered a decree in favor of the plaintiff, John H. Bobb, and against Charles Bobb, for the sum of $27,538, and in favor of John H. Bobb, as assignee of Lucy G. Taylor, for the sum of $36,263, and in favor of the administrator of Charles L. Bobb, against Charles Bobb, for the sum of $18,382. The decree further awarded all costs against Charles Bobb. The bill further stated that the indebtedness for which a decree and judgment were rendered in the original suit, began to accrue and accumulate in the year 1845, and gradually increased until the 15th day of June, 1878, when a decree was rendered for the amount then due. The bill further stated that, from a time prior to the making of the several conveyances named in the bill, and subsequent to the time when the indebtedness for which a decree was rendered began to accrue and become due, the defendant, Charles Bobb, had, in pursuance of a systematic plan to hinder, defraud and delay his creditors, who subsequently obtained judgment for their claims, made to the several other defendants in this suit, divers conveyances, which are set out fully in the bill, together with a full description of the property, of certain lands lying for the most part in the city of St. Louis, but partly in the county of St. Louis; said conveyances consisting, as well of deeds in fee as of deeds in trust, which conveyances are all alleged in the bill to have been made without consideration, and with the sole purpose of removing the property affected by the several conveyances from the reach of his creditors on judgment and execution.

As the bill affected several pieces of property which had been, as it was alleged, in pursuance of the same plan and design, deeded to different parties, it was objected to on demurrer upon the ground of multifariousness.

The plaintiffs, upon the other hand, contended that as

the allegations of the bill showed that all these conveyances were made in pursuance of one and the same purpose and design, that they were not to be put to the expense and trouble of bringing a dozen separate bills against the several parties, who only nominally, upon the record, appeared to be interested in these several pieces of property.

Upon the rendering of the decree in this case by the St. Louis circuit court, dismissing plaintiffs' bill, the plaintiffs moved for a new trial, which motion having been overruled, they appealed to the St. Louis court of appeals, and from the decision of that court affirming the decree below, appealed to this court.

*Henry Hitchcock* for appellants.

The defendants may all be included in the same bill. The test to determine whether a bill is multifarious is not whether a defendant is connected with every branch of the case, but whether the bill seeks relief in respect to matters which in their nature are separate and distinct. A bill by creditors against an executor, an heir and several distinct purchasers of distinct parts of testator's real estate, for account and performance of agreement, is not multifarious. *Salvidge v. Hyde*, 5 Mad. 144, note b; Barbour on Parties, 349. And several judgment creditors holding different judgments may unite in filing a creditor's bill to reach the equitable interests and choses in action of the debtor or to obtain the aid of the court to enforce their liens at law. 1 Barb. Ch. Pr. 154; *Edmeston v. Lyde*, 1 Paige 637, 638; *Clarkson v. DePeyster*, 3 Paige 320; *Brinkerhoff v. Brown*, 6 John. Ch. 151; *Conro v. Port Henry Iron Co.*, 12 Barb. 27, 57. Where there is a unity of interest in the objects to be attained by the bill, the parties seeking relief may join in the same complaint. *Harrison v. Kramer*, 3 Iowa 554; Barbour on Parties, 452; *Fellows v. Fellows*, 4 Cow. 682; *Hammond v. The Hudson, etc., Co.*, 20 Barb. 378; *Bank of America v. Pollock*, 4 Edw. Ch. 215;

*Boyd v. Hoyt*, 5 Paige 65; *Woodward v. Hall*, 2 Tenn. Ch. 166; *Gaines v. Chew*, 2 How. (U. S.) 619, 641, 642; *Campbell v. Machay*, 7 Simon 564; *s. c.*, 1 Mylne & C. 603; *Attorney General v. Cradock*, 3 Mylne & C. 85; 7 Sim. 241; *Waller v. Shannon*, 53 Miss. 500; *Barclay v. Plant*, 50 Ala. 509; *Dunn v. Cooper*, 3 Md. Ch. 46; *McGowan v. McGowan*, 48 Miss. 553; *Johnson v. Powers*, 14 Reporter 514; *Donovan v. Dunning*, 69 Mo. 436.

*Jeff. Chandler* for respondents.

Where the subject matter of the litigation is composed of distinct objects in all of which there is no common interest in the plaintiff, the bill is multifarious. Plaintiff cannot hold one defendant in court to wait the settlement of a separate controversy with another defendant. *Stalcup v. Garner*, 26 Mo. 72; *Bobb v. Woodward*, 42 Mo. 482; *Jones v. Paul*, 9 Mo. 295; *Doan v. Holly*, 25 Mo. 357; *Robinson v. Rice*, 20 Mo. 229. The cases cited by appellants' counsel are all from other states. They should not be accepted and the decisions of our State disregarded.

SHERWOOD, J.—On the authority of *Donovan v. Dunning*, 69 Mo. 436, and other cases and authorities cited by plaintiffs, the petition is not obnoxious to the charge of multifariousness. Treating of such an objection to a bill, a writer of acknowledged authority states that the objection will not hold where the *gravamen* of fraud or wrong in the sales is the same and equally applies to all, notwithstanding that the defendants claim the land under distinct and separate sales of different parcels thereof to them separately. And the same distinguished jurist says: "The same principle has been supposed properly to justify the joining of several judgment creditors in one bill against their common debtor and his grantees, to remove impediments to their remedy created by the fraud of their debtor in conveying his property to several grantees, although they

take by separate conveyances, and no joint fraud in any one transaction is charged against them all. In such a case (it is said) the fraud equally affects all the plaintiffs, and they may jointly sue; and all the defendants are implicated in it in different degrees and proportions, and, therefore, are properly liable to be jointly sued." Story Eq. Plead., §§ 285, 285a, 286, and cas. cit. Lord Redesdale ruled that a demurrer for multifariousness would not prevail, where one general right is claimed by the bill, although the defendants have separate and distinct rights. Mitf. Eq. Plead. by Jeremy, 181, 182. The present proceeding is in the nature of a creditor's bill, and fraud is charged as having prompted the different conveyances, one general right is claimed by the bill and the defendants hold under distinct conveyances, thus bringing the cause fully within the principles announced by the authorities cited. Therefore, judgment reversed and cause remanded. All concur.