HOLLOWAY, *Appellant*, v. HOLLOWAY.

**Fraud: EQUITY : CO-TENANTS : PRACTICE.** Where one tenant in common casts a cloud upon his co-tenant's title to the real estate, and, by the same fraudulent act, attempts to deprive him of all interest in partnership assets, the latter has two causes of action against the wrong-doer, and may go into a court of equity and compel him to account for the partnership assets, the partnership having ceased, and its debts having been paid, and this he may do, notwithstanding he has previously, in a suit in equity against the same party, had the cloud upon his title removed.

*Appeal from Buchanan Circuit Court.*—HON. JOSEPH
P. GRUBB, Judge,

REVERSED AND REMANDED.

*John D. Campbell* and *Huston & Parrish* for
appellant.

(1)  The court erred in refusing to permit plaintiff
to proceed with his case, and refusing to allow plain-
tiff to introduce his testimony.  Such action was arbi-
trary, oppressive and without precedent.  The former
action culminating in the degree was to set aside a
conveyance of land, a necessary prerequisite, before he
could maintain ejectment.  Land passes by grant, and
as long as a grant was outstanding ejectment could not
be maintained.  It was proper practice to first invoke
the aid of equity to remove that bar to a recovery in
ejectment.  *Peyton v. Rose*, 41 Mo. 257; *Wynn v. Corry*,
43 Mo. 301; *Ames v. Gilmore*, 59 Mo, 537.  Personal
property passes by delivery, not by grant.  No aid from
equity is necessary to enable one defrauded of personal
property to maintain a suit for it.  All that is required
is, that he shall return, or offer to return, what he got.
Two courses are open to the vendee who has been
deceived by fraudulent representation.  He may affirm
the sale, retain the property and sue for the damages he
has sustained, or he may rescind the sale and return, or
offer to return, what he got.  *Parker v. Marquis*, 64
Mo. 38; *Jarratt v. Martin*, 44 Mo. 275.

*Ramey & Brown* for respondent.

BRACE. J.—The amended petition in this case was
in three counts.  The first, which was for partition, and
for an account of rents and profits, was dismissed.

The second count charged that plaintiff and defend-
ant were tenants in common of a tract of land in

Atchison county ; that they entered into an agreement to, and did, farm said land, buy, sell and raise products and stock in co-partnership, and on their joint account ; that the partnership affairs were carried on from 1864 to October, 1875, by the defendant as the active partner, having full control and management of the same, plaintiff being a cripple, weak in body and mind; that a large amount of personal property, notes and other evidences of debt was acquired on their joint account; that the defendant invested large sums of money belonging to the partnership concern, on his own individual account, in other business and in land, from which he derived profits ; that he has failed to render plaintiff any account of the same; that the partnership accounts have never been settled, and prays that an account may be taken between them, and for judgment for such balance as may be found to be due him.

The third count charged, in substance, that, in October, 1872, plaintiff was induced, by the fraudulent representations of his brother, the defendant, to make a pretended sale and transfer of all his interest in the partnership property, then on the place, to the defendant for the pretended consideration of a promissory note for five hundred dollars, executed and delivered by him to the plaintiff; that he afterwards, in the year 1877, discovered said fraud, offered to deliver said note to defendant, and demanded a retransfer of said property, and prays that such pretended sale and transfer may be set aside, and held for naught.

The answer of the defendant was a general denial and a plea of the statute of limitations.

The case coming on for trial, the plaintiff introduced the following decree of the Buchanan circuit court theretofore rendered : "Henry A. Holloway against John P. Holloway. Now at this time this cause coming on for hearing by the court * * * and the plaintiff having dismissed as to the second cause of

action stated in his amended petition in reference to the partnership in and to the personal property, the court, being sufficiently advised in the premises, doth order and adjudge and decree that the deed of conveyance mentioned in the first count of plaintiff's amended petition, dated October 18, 1872, from the plaintiff to the defendant, purporting to convey plaintiff's undivided interests in and to the following lands ( here follows description of same farm described in present suit ), be and the same is hereby, for the causes alleged in said petition, annulled, set aside, cancelled and for naught held." The decree further vested plaintiff with the same interest he had before the deed was made, and divested the same from defendant.

The plaintiff was called as a witness upon his own behalf, and after being duly sworn, and when on the stand, was handed the following note for identification:

" $500.00.    This October 18, 1872, twelve months after date, I promise to pay to the order of Henry A. Holloway five hundred dollars for value received, with interest from maturity at the rate of ten per cent. per annum, the interest if not paid annually to be added to the principal and bear the same rate of interest.

"(Signed)              J. P. HOLLOWAY."

Said witness testified that, in 1872, the defendant procured from him, without any consideration therefor, certain real estate ( being same described in the decree read in evidence ), and also his interest in certain personal property owned by plaintiff and defendant on the farm, being the property here in controversy, and that the note read in evidence and herein copied was given to cover up the transaction, and was never paid. This note was surrendered to the court upon the suit between the parties in the case in which the above decree was rendered.

The court, of its own motion, here asked the plaintiff whether the above-copied note ( shown witness ) was

given to cover the personal property, or both the personal and said real property. The witness answered that it was given to cover both. The transfer and sale of the real and personal property were had and done at the same time. Whereupon the court answered, that, according to and in consequence of the testimony of plaintiff, he could not recover; that the conveyance of the personal property and the real estate from the plaintiff to defendant was one transaction, and that, as the plaintiff had brought his suit and obtained a decree to set aside the deed (which is the same and for the same lands mentioned in the decree), he could not divide his cause of action, and could not therefore recover in this suit, and refused to allow plaintiff to introduce any further testimony. To which ruling the plaintiff excepted, took non-suit with leave, and, failing to get the same set aside, brings his case here by appeal.

The plaintiff and defendant occupied a dual relation to each other. They were tenants in common as to the real estate described in the petition in this case and in the decree in the former case, and partners in the personal property and assets acquired by them in the farming and trading business, carried on in connection with said real estate. As an owner in fee in the real estate, the plaintiff had a right to go into a court of equity, and have set aside a deed procured from him by his co-tenant by fraud, and which was a cloud upon his title, and which stood in the way of his assertion of that title in an action at law. And, as a co-partner, he had a right to go into a court of equity (the partnership business having ceased, his co-partner being in possession of all the assets of the concern, and its debts paid, as is here alleged), and call his co-partner to account for such assets, and that he render him his share thereof, as he here does substantially in the second count of his petition. These are separate and independent causes of

Brown v. The Hannibal & St. J. Ry. Co.

action.   The fact that the defendant, by the same fraud by which he clouded the plaintiff's title to his real estate, also attempted to deprive him of all interest in the partnership assets, could not render them one, nor could a recovery against such a fraud, as to the real estate, bar the plaintiff from calling on the defendant to account to him for his interest in the partnership assets.

The judgment is reversed, and the cause remanded for trial.   All concur, except RAY, C. J., and BARCLAY, J., absent.