WHELESS, Respondent, v. SERRANO, Appellant.

St. Louis Court of Appeals, November 27, 1906.

1. PRACTICE: Splitting Causes of Action. Where an attorney was employed to conduct several cases for the same party under separate and distinct contracts of employment, he could maintain separate causes of action for his fees therein, though he might have united them in one suit.

2. ———: Instruction: Harmless Error. Where a court sitting as a jury gave a declaration of law to the effect that plaintiff was entitled to recover on the finding of certain facts, leaving out of view a defense which was offered, but where other declarations showed the court took into consideration such defense, the error, if one, was harmless; declarations of law given by a court sitting as a jury are less closely scrutinized than are instructions to juries, because the only reason for giving such declarations is to show the legal theory on which the court disposed of the case.

Appeal from St. Louis City Circuit Court.—*Hon. C. Orrick Bishop,* Judge.

AFFIRMED.

121 App.—2

*R. E. Rombauer* for appellant.

(1) Where one party, having several claims of the same character against another, fails to bring suit on any of such several claims, prior to the maturity of all, he makes his account open, running and entire, and cannot split it up into several causes of action. Morrison v. DeDonato, 76 Mo. App. 643; Green v. Von der Ahe, 36 Mo. App. 394. (2) Where one party has an entire demand, as such demand is defined in point one of this brief, splits his cause of action, and institutes several actions thereon, in one of which he recovers judgment for part of his demand, such judgment constitutes *res judicata* of the entire demand, and may be plead in bar to any further action, on the residue of it. Funk v. Funk, 35 Mo. App. 246 and cases cited in support on page 254; Railroad v. Traube, 59 Mo. 362; Moran v. Plankinton, 64 Mo. 337.

*Joseph Wheless pro se.*

The trial court found, as matter of fact, that there was no such contract or agreement, as Serrano testified, that plaintiff would attend to all his business for a nominal consideration in return for such outside business as might come through the consulate. Hence there was no single contract of February 11; 1904, under which all these charges were mere items. The court found as a fact that each case was undertaken by plaintiff as a separate and distinct employment. Not one contract, but several. Grocer Co. v. Tagart, 60 Mo. App. 392; Hoffman v. Hoffman, 126 Mo. 497; Rudle v. Horine, 34 Mo. App. 621; Green v. Von der Ahe, 36 Mo. App. 397; West v. Moser, 49 Mo. App. 210; Railroad v. Traube, 59 Mo. 362; Stepp v. Livingston, 72 Mo. App. 180.

GOODE, J.—Respondent, who is an attorney at law, filed two actions on the same day before a justice of the peace against appellant to recover for legal services. In his statement of his cause of action in what we will designate as case No. 1, he set out four items aggregating $499.25. One of the items was for a fee of $350 for services as attorney in the case of Serrano v. Miller-Teasdale Commission Company, an action instituted in the circuit court of the city of St. Louis to recover $2,000 for the tortious conversion of property. Another item was for a fee of $75 for services in the case of Serrano v. Greenguard, an action for $4,500, instituted in the St. Louis Circuit Court for personal injuries to one A. P. Serrano, appellant's brother. The third item was for cash advanced to pay for printing briefs on the appeal of the case of Serrano v. Miller-Teasdale Commission Company. The fourth item was for $50 for an opinion on the title of some mining property. The statement filed in this case, which we will designate as case No. 2, consisted of a single item and was for a fee of $500 for legal services rendered by respondent as attorney for appellant, Rafael P. Serrano, in an action instituted against him by Everett P. Teasdale, in the circuit court of the city of St. Louis, to recover $20,000 damages for malicious prosecution. In case No. 1, respondent got judgment against appellant for $249.25 in the justice's court. On appeal that judgment was affirmed in the circuit court and subsequently paid. In case No. 2, the judgment in the justice's court went in favor of appellant, but the cause having been carried to the circuit court and there tried anew, judgment was awarded to respondent for $250, from which judgment the present appeal was prosecuted.

The defense to the action was twofold. The defense on the merits was that respondent being an attorney engaged in the practice of law in the city of St. Louis, and appellant the consul of the Republic of Mexico in

said city, they had agreed, prior to the performance of any legal services by respondent, that if the consul would turn over to respondent such legal business as he controlled by virtue of his office, respondent would attend to all his individual business for a nominal fee. The other defense was, in effect, a plea of prior adjudication, and that the present cause of action having accrued when case No. 1 was filed in the justice's court, and as it covered the same character of services embraced in the statement filed in case No. 1, respondent was bound to include the item covered by the present case in the other one; was precluded from splitting his demand and, hence, the payment of the judgment in case No. 1 was a bar to his recovery in this case. There was a conflict of evidence in regard to the defense on the merits and it is stated in appellant's brief that the court, sitting as a jury, having found the issues of fact for respondent under proper declarations of law relating to those issues, they are not to be considered on the appeal and part of the evidence bearing on them is omitted from the record. Some reference to such evidence as we have before us is necessary to a correct disposition of the defense of former adjudication. Appellant testified that he made the arrangement with respondent to attend to appellant's individual business for a nominal fee at the date of the institution of the case of Serrano v. Greenguard, or on February 11, 1904; that there never was any other contract and all respondent's legal services, were rendered pursuant to the arrangement then made. Respondent contradicted this testimony; swore that Serrano had sent him consulate business for two or three years, but with no understanding that Serrano's personal affairs of a legal sort were to be looked after by respondent for a nominal fee, because of the consulate business to be thrown to respondent; that Serrano employed him in the case of Serrano v. Miller-Teasdale Commission Company

after it had been pending a year and without referring to any other business and that respondent brought the suit of Serrano v. Greenguard at appellant's request. It was further shown Serrano requested Wheless to enter appearance in the suit of Teasdale v. Serrano, which was successfully defended. No fee was agreed on in either of these cases; and in the two actions instituted by respondent to recover for his services he obtained judgment *quantum meruit*. The learned circuit judge who tried this case declared the law relating to the defense of the alleged splitting of respondent's cause of action to be, that if the court found from the evidence Serrano made separate and distinct contracts of employment with respondent in each of the matters referred to in the evidence, and the contract made for respondent's services in the case of Teasdale v. Serrano (i. e. the services sued for in this action) was made at a time long after the employment and services in the other matters mentioned and while the same were pending and undisposed of, then any suit or judgment for legal services rendered in the case of Serrano v. Teasdale was not a bar to a recovery in the present case; but the cause of action sued on herein is a separate and independent contract of employment. The declaration of law given for appellant on the question, stated, in effect, that if the court found that on or about the month of February, 1904, it was agreed by the parties that appellant should turn over to respondent any legal business under appellant's control and in consideration thereof respondent would attend to appellant's personal legal business for a nominal fee, and thereafter respondent attended to appellant's legal business and the latter turned over to the former the legal business which came to the consulate in accordance with said agreement, and that prior to the institution of this suit, respondent had represented appellant in the case of Serrano v. Miller-Teasdale Com-

mission Company under said agreement, and that on the same day this suit was instituted another suit was brought for the recovery of a fee in the suit of Serrano against said Commission Company and thereafter judgment was recovered in said other suit and paid, and that the legal services rendered and sued for in the present case under the aforesaid agreement, had been and were fully performed at the time of the institution of said other suit by respondent, then the fees in the two cases of Serrano v. Teasdale and Teasdale v. Serrano constituted an entire demand which could not be split and separate actions brought in respect of it.

The court below having found a verdict for respondent, it is apparent and, indeed, is conceded, that the finding was in respondent's favor on the issue of whether or not he agreed to attend to appellant's personal legal business for a nominal fee in consideration of receiving other business through the consulate. In other words, the court found no such agreement had been made. It is apparent, too, from the legal propositions declared, that the court found the fee involved in the present action was earned under a separate contract of employment independent of the contract of employment in the case of Serrano v. Miller-Teasdale Commission Company, the fee for which was embraced in case No. 1, and satisfied by the payment of the judgment rendered therein. As the testimony was conflicting, the court was warranted in making these findings and there is no contention to the contrary. But appellant insists that because the item sued for in this case arose in a transaction of the same character as the transaction out of which the other fee grew, that is, out of the relation of attorney and client, and because, further, the fee in controversy had accrued and was due when the statement was filed before the justice in case No. 1, respondent was bound to include this item in the other action and, therefore, the judgment in the other action is a bar.

This proposition would only be tenable by disregarding the findings of fact made by the learned circuit judge. If the two fees accrued under separate and distinct contracts of employment, respondent might have united them in one suit, but was not bound to do so. They represented separate causes of action which he had the right to maintain separately. [Flaherty, Admr., v. Taylor, 35 Mo. 447; Union, etc., Trans. Co. v. Traube, 59 Mo. 355, 362; Hoffman v. Hoffman's Exr., 126 Mo. 486, 497, 29 S. W. 603; Stark v. Star, 94 U. S. 477; Secor v. Stergis, 16 N. Y. 588; Grocer Co. v. Taggart, 60 Mo. App. 389, 393.] Decisions that several items of an account for merchandise sold and delivered or labor done, must be embraced in one action, are not exceptions to the general rule, but proceed on the theory that the different items accrued under a single agreement.

Complaint is made of another declaration of law given at respondent's instance, wherein the court declared, in effect that if respondent was employed by appellant to conduct the defense of the case of Teasdale v. Serrano, an action for damages for an alleged malicious prosecution, and under such employment respondent represented appellant in said suit and conducted the defense, and on the trial of same rendered services resulting in appellant's favor, then respondent is entitled to recover the reasonable value of his services. The objection preferred against this declaration of law is that it left out of view the defense of former adjudication and simply held respondent was entitled to a verdict in the present case for the reasonable value of his fee if he had rendered the stated services, without regard to whether or not the judgment in the other case was a bar. The declaration in question might have been misleading if the issues were to be decided by a jury; but could have done no harm as the court was to find the facts. The other declarations of law show the court took into consideration the defense of res judicata and stated what

facts were necessary to maintain it. It is conceded that the court found those facts did not exist. This being true, if respondent performed the services as he testified, he was entitled to a judgment as the court declared; hence, said declaration of law was, at the most, harmless error. Declarations of law are less closely scrutinized when the facts are to be determined by the court than are instructions to juries, because the only reason for giving declarations is to show the legal theories on which the court disposed of the case. [Williamson v. Drew, 9 Mo. App. 598; Stone v. Rennock, 31 Mo. App. 544.] As it is confessed that the court, on competent evidence, found against appellant's contention that respondent agreed to act as his attorney for a nominal fee, and also against the existence of the facts relied on to support the defense of a prior adjudication, and as the law on the latter defense was correctly declared, it is clear that declaring respondent was entitled to judgment for the reasonable value of his services, if rendered as he testified, does not indicate that the court lost sight of either the defense on the merits or the claim that the present suit was barred by the judgment in the other one.

The judgment is affirmed. All concur.