FRIEDMAN KELLER & COMPANY, a Corporation. Respondent, v. ERNEST OLSON, Appellant.

Springfield Court of Appeals, January 30, 1915.

1. **CAUSES OF ACTION: Splitting: Former Judgment.** One who has a single claim or demand against another, though made up of several distinct items, cannot split the same so as to make two causes of action. A judgment concludes the parties as to the whole cause of action, whether the suit was for the whole or only a part of the claim.

2. ———: ———: **When Rule Not Applicable.** Where the demands sued for in separate suits arise out of separate and distinct contracts or transactions, the rule forbidding splitting causes of action is not applicable.

3. ———: **Distinct Transactions: Separation.** Defendant purchased two bills of goods from plaintiff's salesman, at different times, on different terms and covering distinct and different items. Plaintiff may join same in one suit or may bring separate suits and should plaintiff bring separate suits judgment on first is not a bar to second.

4. **JUDGMENTS: Cannot Sue on One Cause and Recover on Another.** A party cannot sue on one cause of action and recover on another.

5. **DEBTOR AND CREDITOR: Account Stated: Doctrine of.** The doctrine of an account stated is to the effect that one who receives such stated account and fails to make an objection thereto within a reasonable time, thereby acquiesces in its correctness.

6. ———: ———: **Application of Rule.** This doctrine of account stated only applies in favor of the party rendering the account and against the one who receives it. The one receiving it cannot invoke the doctrine against the one who sent it.

7. ———: ———: **Action on Account: Concurrent Remedies.** In such case the two remedies of action on account stated and action on an account are concurrent until election by suit brought.

Appeal from Pemiscot County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Duncan & McCarty* for appellant.

(1) The statement rendered not being objected to by the defendant makes said statement an account stated. An account rendered by a creditor to his debtor and not objected to within a reasonable time, is regarded as evidence of an account stated—that is, an account conceded by both parties to be correct. Brown v. Kimmel, 67 Mo. 430; Powell v. Railroad, 65 Mo. 658; Shepherd v. Bank, 75 Mo. 143; Railroad v. Con.

Co., 71 Mo. App. 302. (2) Plaintiff having declared on an itemized account cannot recover where the proof shows an account stated. A party cannot declare upon one cause of action and recover upon another and entirely distinct one. Henry Co. v. Citizens Bank, 208 Mo. 225-6; York v. Farmers Bank, 105 Mo. App. 137; Michael et al. v. Kennedy (Mo.), 148 S. W. 983. (3) Plaintiffs having sued on a part of the account stated is barred as to the other part of the account stated, or in other words the plaintiff could not split his cause of action. 35 Mo. App. 251; Moran v. Plankington, 64 Mo. 337; Steiglider v. Railroad, 38 Mo. App. 511; West v. Mosier, 49 Mo. App. 201; Lumber Co. v. Agr. and Mechanical Society, 59 Mo. App. 24; Hill v. Chowning, Scott & Co., 93 Mo. App. 626.

*Ward & Collins* for respondent.

(1) While the rule that silence without objection within a reasonable time after the rendition of the account may supply the prima-facie evidence of assent necessary to bind one as upon an account stated, yet it does not apply to the party who furnishes the account; as to him the account is open to explanation for any omission or mistake, though it is regarded as prima-facie correct, casting upon him the burden of showing it to be otherwise. 1 Cyc. 371; Schettler v. Smith, 34 N. Y. Super. Ct. 17; Wilson v. Dowse, 140 Ill. 18. (2) That an account stated is in the nature of a new promise and raises a new cause of action between the parties. Barr v. Lake, 147 Mo. App. 252; Fisk v. Blank, 127 Mo. 431. (3) There was no evidence in this case that there was an account stated. Plaintiff sued on an itemized account, proved that the account was true and correct, admitted to be true and correct by the defendant, and therefore no evidence of an account stated in this case. (4) Plaintiff did not split up his cause of action within the meaning of the law. Alkire Gro. Co. v. Tagart, 60

Mo. App. 393; Menges v. Piano Co., 96 Mo. App. 618; Wheless v. Serrano, 121 Mo. App. 23; Loan Co. v. Forbstein, 148 Mo. App. 228; Foherty's Adm. v. Taylor, 35 Mo. 447; Union Transit Co. v. Traube, 59 Mo. App. 355; Hoffman v. Hoffman, 126 Mo. 497.

STURGIS, J.—This case was tried in the circuit court on appeal from a justice court. It is a suit on an itemized account for merchandise sold by plaintiff to defendant. The parties waived a jury and tried the case to the court, resulting in a finding and judgment for plaintiff for the amount sued for with interest, aggregating $150.70. There is no dispute as to the amount and defendant admits that it is due and unpaid.

The errors assigned are: (1) That plaintiff sued on an itemized account while the evidence shows an account stated; (2) that plaintiff, having a larger demand, sued for and recovered a part of it in a prior action and, therefore, cannot maintain this suit for the balance of such demand under the rule that a single cause of action affords only a single remedy.

It appears that plaintiff is a wholesale merchant and sold defendant three distinct bills of goods at separate times. The first of these was paid without question. The second bill of goods was sold to defendant on December 7, 1911, and amounts to $120.60. The third bill of goods, the one now in controversy, was sold to defendant on March 5, 1912. Each of these sales was made on orders taken by plaintiff's traveling salesmen specifying the items, amounts and terms of sale, which orders were accepted by plaintiff and the goods shipped shortly after the taking of each order respectively. The second bill was due in sixty days after its date and the third in ninety days after its date. After both bills became due, the plaintiff brought suit on the first one only and recovered thereon. The claim here is that at the time the plaintiff brought such former suit, it had a single demand for the aggregate amount

of both bills, $262.30, for which a single suit should
have been brought and that plaintiff could not split
its demand and sue for each part separately.

It is elementary law that a person having a single
demand, though made up of several distinct items, can-
not split the same so as to make two causes of action
and a judgment concludes the parties in respect to the
whole cause of action sued on whether the suit included
the whole or only a part of the demand sued for.   This
rule applies, although the items are in their nature dis-
tinct and arise or become due at different times, if they
grow out of a single tort or contract.   [Steiglider v. Mo.
Pacific Ry. Co., 38 Mo. 511; Funk v. Funk, 35 Mo. App.
246, 251; Hill v. Chowning, Scott & Co., 93 Mo. App.
620, 67 S. W. 750; Union R. R. & Transportation Co.
v. Traube, 59 Mo. 355.]   This rule, however, has no ap-
plication when the demands sued for in the separate
suits arise out of separate and distinct contracts or
transactions.   The true rule which determines whether
a party has only a single and entire cause of action for
all that is due him and which must be sued for in one
action or has a severable demand for which he may
maintain separate suits is whether the entire amount
arises from one and the same act or contract or the sev-
eral parts arise from distinct and different acts or
contracts.   [Alkire Grocer Co. v. Tagart, 60 Mo. App.
389; Union Loan, S. & Mer. Co. v. Farbstein, 148 Mo.
App. 216, 228, 127 S. W. 656; Wheless v. Serrano, 121
Mo. App. 17, 23, 98 S. W. 108.]   The contract giving rise
to the present cause of action is an entirely different
contract from that sued on in the other case which is
now pleaded in bar of this action.   The two contracts
were made at different times, with different terms,
covering distinct items, and each is complete in itself
without reference to the other.   In such cases a plain-
tiff may join the same in one suit with different counts
or may bring separate suits.   There is, therefore, no

such splitting of plaintiff's cause of action as bars the present suit.

The defendant invokes the doctrine that a party cannot sue on one cause of action and recover on another and asserts that plaintiff has sued on an itemized account and recovered on an account stated. This, however, is not plaintiff's theory of this case. It was not attempting to recover on an account stated and the trial court did not find for it on that theory. It is true that there was some evidence introduced, which, if it had been offered for that purpose, might have sustained a finding that there was an account stated between these parties. This evidence is to the effect that plaintiff rendered defendant an itemized statement showing the amounts due and that defendant retained the same without in anyway questioning the correctness of the account. Had plaintiff sued on an account stated, this evidence might have sustained a finding for it on that theory. [McGuire v. De Frese, 77 Mo. App. 683; Mo. Pac. Ry. Co. v. Commission Co., 71 Mo. App. 299, 302; McKeen v. Bank, 74 Mo. App. 281, 288.] In the trial court's finding of facts, however, it found that there never was an account stated between these parties, that is, a meeting of the minds of these parties that the amount stated to be due in the account rendered was in fact due and a new promise, express or implied, then made to pay the same. There is evidence to support the court's finding on this point.

It is also held that the doctrine of an account stated, arising from the failure of the one receiving the stated account to object thereto, only applies in favor of the party rendering the account and against the one who receives and acquiesces in its correctness. The converse, however, is not true and the one receiving the account and failing to object thereto cannot thereby invoke this doctrine against the one furnishing such account. The law is stated in 1 Cyc. 370, thus: "While the rule that silence without objection within a reason-

able time after the rendition of an account may supply the prima-facie evidence of assent necessary to bind one as upon an account stated is usually laid down in comprehensive terms which would seem to include both parties, it has been held that it does not apply to the party who furnishes the account; that as to him the account is open to explanation for any omission or mistake, though it is regarded as prima-facie correct, casting upon him the burden of showing it to be otherwise.'' We find no case holding that one who is sued on an itemized account can defeat the claim by a mere showing that he had at a previous time received a statement thereof to which he made no objection and, therefore, the plaintiff must sue as on an account stated. Such a ruling would be unreasonable and would serve as a mere pitfall in the path of one seeking to collect a just debt. ''An account may be supported without proof as to the particular items by proving that defendant had admitted the account to be correct. In other words, evidence of a stated account is sufficient proof to support plaintiff's cause of action on an open account, and therefore it may be supported by an implied as well as an express admission, as by the assent which is presumed from acquiescence in an account rendered.'' [1 Cyc. 485; See also Schwaner v. Winn Boiler Compound Co., 19 Mo. App. 534.] The theory of the law is that an account stated is in the nature of a new promise which the promisee may take advantage of if he desires (Barr v. Lake, 147 Mo. App. 252, 257, 126 S. W. 755), but we see no reason why he should be compelled to do so or lose his debt.

The judgment will therefore, be affirmed. *Robert-son P. J.,* and *Farrington, J.,* concur.