## ADA ROGERS, Respondent, v. C. C. YODER, Appellant.

### Springfield Court of Appeals, May 21, 1917.

1. **CORPORATIONS: Liability on Subscriptions to Stock.** The basis of recovery in creditor's action to enforce stockholders' liability for unpaid balance of subscription is on the implied contract of the stockholders in a corporation to pay for their stock or the contract of subscription.

2. **JUDGMENT: Splitting Causes of Action.** Where creditor of a corporation had recovered judgment enforcing a stockholder's liability on subscription for certain stock, she was not barred, by the rule against splitting causes of action from bringing a similar action against the same stockholder on another block of stock purchased from another; each subscription contract being separate.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair*, Judge.

AFFIRMED.

*R. M. Sheppard* for appellant.

The plaintiff had a single cause of action against the defendant, Yoder, for unpaid stock subscription to

the Stag Mining Company. She chose to commence her action upon a part of this claim and to prosecute it to a final judgment after she had knowledge that the defendant was the owner of other stock upon which he would have been liable for unpaid stock subscription if he were liable upon his original subscription. This is what is termed in law a splitting of a cause of action. It is a well-established rule that a single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions. If the cause of action be split and separate actions are brought for different parts of the demand, the pendency of the first may be pleaded in abatement of the other and a judgment upon the merits in either will be available as a bar in the other. First Corpus Juris., 1106; Lane v. Francis, 15 Mo. App. 107; Wheeler Savings Bank v. Tracey, 141 Mo. 252; State to the Use of DeHaven v. Davis, 35 Mo. 406; K. C. Hotel Co. v. Sigement, 53 Mo. 176; Birch v. Boemler, 204 Mo. 554.

*Frank H. Lee* and *Owen & Davis* for respondent.

FARRINGTON, J.—Plaintiff recovered a judgment against the defendant who appeals to this court urging but one point as a ground for reversal.

The suit grew out of a judgment recovered by the plaintiff herein against the Stag Mining Company, a corporation, and C. C. Yoder and Alexander Larkin. That judgment was reviewed in this court wherein we held that the stockholders of the corporation were liable to Ada Rogers for the payment of her judgment against the corporation. [185 Mo. App. 659, 171 S. W. 676.]

Yoder had subscribed for 1050 shares of stock in the corporation of the par value of $10 each. Lafayette Rhodes had likewise subscribed for 1050 shares.

After plaintiff had brought her suit against Yoder to recover from him on his interest as represented by the 1050 shares for which he had subscribed, she learned that Yoder had become the owner by purchase of the 10-50 shares which had originally been suscribed by Rhodes.

She went on with her first suit against Yoder, recovering judgment and getting the same satisfied, which did not yet pay her the amount of her judgment for damages against the Stag Mining Company, and she thereupon instituted this suit to recover from Yoder the amount due on the stock which he had purchased from Rhodes.

Appellant Yoder contends that plaintiff having once sued him on his subscription and recovered a judgment and received payment she could not again sue him as a stockholder of the corporation, as to permit this would be to violate the rule of law against splitting causes of action.

It is admitted that Yoder knew when he purchased the stock from Rhodes that the latter had not paid the amount he had contracted to pay by his subscription.

The basis for recovery in this character of case is on the implied contractof the stockholders in a corporation to pay for their stock; it is the contract of subscription which constitutes the foundation of an action to recover a call on stockholders to make their subscription good. [4 Thompson on Corporations (2 Ed.), secs. 3778-3779; 10 Cyc. 512; 1 Cook on Corporations (6 Ed.), sec. 71; Business Men's Ass'n. v. Williams, 137 Mo. App. l. c. 583, 119 S. W. 439.] It is held that the obligation of each shareholder is several and each must respond to his contract of subscription to calls without reference to others. [10 Cyc. 510; 4 Thompson on Corporations (2 Ed.), sec. 39-90.] The contract, therefore, of the subscribing stockholders is a like contract but not the same contract; that is, each stockholder makes the same kind of contract, that he as an indivdual will pay full value for the amount of his subscription. The contracts, therefore, are separate. And this we think is the determining feature in this case and distinguishes it from the cases cited by appellant, the case of the Kansas City Hotel Co. v. Sigemont, 53 Mo. 176, being a fair example. There, several calls had been made of ten per cent. each, and the court held that after the calls were made and owing, a suit brought on all the calls constituted a single cause of action and could be

joined in a single count. In that case, however, the suit for the various calls was based on the contract made by the subscriber who was sued, while in the case at bar the contract on which the suit against Yoder was based is the contract of Rhodes made with the corporation which was assumed by Yoder in the purchase of that stock with full knowledge of the facts concerning it. The former suit of this plaintiff against Yoder was based on the contract made by Yoder with the corporation, and therefore was a separate and distinct contract recovered on than is the one which forms the basis of this action. The plaintiff in the former suit against Yoder recovered on a contract made between Yoder and the corporation, while in this case she recovered on a contract made by Rhodes with the corporation, the fruits and burdens of which fell to Yoder, the purchaser. They both, therefore, formed independent and separate causes of action which plaintiff could either join in one petition if she desired or might bring separately, as she has done. Numerous authorities uphold the proposition that transactions between parties which are separate and distinct are divisible; each demand or transaction is subject to a distinct and separate action. [Keller v. Olson, 187 Mo. App. l.c. 473, 173 S. W. 28; Union Loan, Storage & Merc. Co. v. Farbstein, 148 Mo. App. l. c. 228, 127 S. W. 656; Harvest King Distilling Co. v. American Express Co., 192 Mo. App. l. c. 111, 179 S. W. 806.]

The judgment will be affirmed. *Cox, P. J.,* and *Sturgis, J.,* concur.