ALICE P. MERZ SZOMBATHY v. ADOLPH MERZ, Appellant in Cause No. 37162, DOERFLINGER REALTY COMPANY, Appellant in Cause No. 37161, and CHESTER A. DOERFLINGER, Appellant in Cause No. 37163, Appellants.—148 S. W. (2d) 1028.

Division One, March 13, 1941.

*Frank Coffman* and *Anderson, Gilbert, Wolfort, Allen & Bierman* for appellants.

*Oscar Habenicht, Wilbur B. Jones* and *Salkey & Jones* for Alice P. Merz Szombathy.

CLARK, J.—Julius Merz died testate on December 12, 1934, survived by his widow, the plaintiff, who has since remarried. He had no descendants and his nearest relative surviving him is his only brother, Adolph Merz, one of the defendants. On November 28, 1934, Julius Merz executed an instrument purporting to convey the major portion of his property to the Tower Grove Bank and Trust Company and himself as trustees. This instrument reserved the income during his life and provided, among other things, that his widow after his death should receive $200 per month during her life. The trust fund consisted of more than $300,000 in personal property. On the same day he executed a will making certain specific bequests and giving the residue of his estate to the plaintiff and defendant, Adolph Merz, in equal shares. The inventory of his estate lists personalty of the value of about $16,000 and three parcels of real estate.

In due time and in the proper manner, the widow made and filed her election to reject the will and, in lieu of its provisions as to her, take one-half the estate subject to debts. She then sued to set aside the trust so far as it applied to her and to recover one-half of the trust fund, on the ground that the trust was created by Julius Merz in contemplation of his death and with the fraudulent purpose of depriving her of her marital rights in his property. Defendants in that suit were: Tower Grove Bank and Trust Company, as trustee, Adolph Merz individually and as executor of the estate of Julius Merz, and other persons who had been named as beneficiaries in the trust. The plaintiff procured a decree in the trial court for the recovery of an undivided one-half interest in the trust fund, but leaving the trust in force as to the other one-half interest. On appeal this court set aside the trust *in toto*. [Merz v. Tower Grove Bank & Trust Company, 344 Mo. 1150, 130 S. W. (2d) 611.]

On December 5, 1934, one week after he executed the trust agreement and will and one week before he died, Julius Merz had an accounting with the Doerflinger Realty Company, a corporation, which showed that it owed him something more than $20,000. On that day the corporation, through its president, Chester Doerflinger, gave Julius a note for $20,000, which he immediately endorsed and handed back to Doerflinger with instructions to deliver it to Adolph Merz. The note was delivered to Adolph the next day.

While the former case was pending here on appeal, the plaintiff brought the instant suit in the circuit court to recover a one-half interest in the $20,000 note, alleging that it was transferred by her late husband, without consideration, and with the fraudulent intent to defeat her marital rights. Defendants in the present suit are: Adolph Merz, Doerflinger Realty Company and its president, Chester Doerflinger. Again plaintiff was successful in the trial court. Each defendant took a separate appeal and has filed a separate brief. Although the appeals were consolidated and argued as one case, the contentions of appellants differ and, to some extent, will be discussed separately.

Appellant Merz contends: that plaintiff failed to prove fraud in the transfer of the note; that decedent had a right to give his property away; and that even though Adolph Merz, who as a physician rendered professional services to decedent for a number of years, did not intend to charge for such services, decedent had a right to make him a gift or payment as he saw fit.

The right to dispose of personal property by gift is subject to the restriction that a husband, in contemplation of death and with intent to defeat and defraud his wife of her marital rights, cannot make a valid transfer of his property without consideration. That question was fully discussed in the former case. [344 Mo. 1150, 130 S. W. (2d) 611.] The evidence in that case clearly established, and

we so found, that when Julius Merz created the trust on November 28, 1934, he did. so in contemplation of impending death and with intent to defraud his wife of her rights in his property. Those facts were admitted by Adolph Merz in the answer which he filed in that case and, on account of those facts, he strenuously contended that the trust should be set aside *in toto*. Much the same evidence in that case, including the said answer of Adolph Merz, was introduced in this case. In the instant case defendant Doerflinger testified that Julius Merz was very ill for months before his death; that he did not hope to get well and so told this witness both before and after November 28, 1934, the last time being about the time the $20,000 note was transferred. The testimony of this witness further shows that for many months the said Julius Merz was motivated by the fixed intent and purpose to limit his wife's interest in his property to approximately the sum of $200 per month. That was the amount she earned at the time of her marriage to Julius Merz and, to use his own expression, he desired "to leave. her as he found her." He discussed possible methods of accomplishing this fixed purpose with Doerflinger and others. After he had created the trust and again after the transfer of the note he told Doerflinger, in substance, that he had his affairs arranged so they could not be broken. He told this witness not to tell any one about the arrangements he had made; he did not tell his wife about them; and was sorry he had to tie up his brother's part.

■ There is not the slightest evidence of consideration for the transfer of the note to Adolph Merz. His brother Julius had otherwise generously provided for him in the disposition of the estate. There is nothing upon which to base an inference that Julius gave the note to Adolph because of professional services rendered. There is no evidence that Adolph expected to charge or that Julius expected to pay for such services. Adolph had no knowledge of the note until it was delivered to him.

The evidence abundantly sustains the charge that the note was transferred by Julius Merz without consideration, in contemplation of death and for the purpose of defeating his wife of her property rights.

■ Appellant Merz pleaded in his answer and still insists on another defense, to-wit; that, by bringing the former suit, plaintiff is barred from maintaining this one; that the two petitions merely allege different transfers in pursuance to the same fraudulent purpose; that plaintiff could have included the subject matter of this suit in the former suit although the transfers were made to different parties, and that, by failing to do so, she has split her cause of action.

In support of this contention appellant cites a number of cases from other jurisdictions and the following Missouri decisions: Donovan v. Dunning, 69 Mo. 436; Bobb v. Bobb, 76 Mo. 419; Hughes v.

Renshaw, 314 Mo. 95, l. c. 117, 282 S. W. 1014; Leslie v. Carter, 268 Mo. 420, 187 S. W. 1196; Grant v. Parker-Russell Mining Co. (Mo. App.), 65 S. W. (2d) 143; Shelly v. Ozark Pipe Line Corp. (Mo. App.), 2 S. W. (2d) 115; See v. See, 294 Mo. 495, 242 S. W. 949; Steiglider v. Mo. Pac. Ry., 38 Mo. App. 511.

In Hughes v. Renshaw, supra, the plaintiff in one petition sought to set aside eleven separate deeds to as many different persons on the ground of undue influence. This court held the petition was not multifarious notwithstanding the defendants may have had different defenses. Similar conclusions were reached in Donovan v. Dunning, supra, Bobb v. Bobb, supra, and other cases cited by appellant. If such cases are applicable at all to the present question, they merely indicate that the plaintiff could have included the subject matter of the instant suit in her former suit, but they do not hold, even inferentially, that she was required to do so. There is a vast difference as to the parties who *must* be joined as defendants and those who *may* be so joined. Appellant has cited no case which indicates a necessity that plaintiff, in her suit to set aside the trust, should also have attempted to set aside the transfer of the note. In Leslie v. Carter, supra, plaintiff had been successful in a suit to set aside a deed. He then brought another suit to recover attorney fees incurred in the first suit. We held that, if such fees were recoverable, they were a part of his damages in the first cause of action and could not be recovered in a separate suit. In Grant v. Parker-Russell Mining Co., supra, the St. Louis Court of Appeals held that a plaintiff, who had recovered a part of the amount due him under a contract for personal services, could not maintain another suit for the remainder of the amount due prior to the commencement of the former action. In Shelly v. Ozark Pipe Line Corporation, supra, plaintiff had recovered damages for a nuisance maintained by defendant. He later sued for damages subsequently resulting from the same nuisance. The Springfield Court of Appeals held the second suit barred on the theory that plaintiff could have recovered for permanent damages in the first suit. On dissent of one judge the case was certified to this court and we overruled the opinion. [327 Mo. 238, l. c. 246, 37 S. W. (2d) 518.] In See v. See, supra, plaintiff on the same day brought two suits for rent of the same property under the same contract; the first suit being for rent up to March 1, 1917, and the second suit for rent accruing after that date and before the institution of the suits. We held that recovery in the first suit barred the second. In Steiglider v. Mo. Pac. Ry., plaintiff, in 1887, recovered damages to his pasture in 1886 caused by defendant's failure to fence its road. He afterward sued for damages from the same cause incurred in 1885. The Kansas City Court of Appeals held the second suit was barred by the first. That opinion has been criticized in later opinions. Without

further discussion, we think it is clear that none of the cases cited by appellant supports his contention on this branch of the case.

The courts have never attempted to lay down hard and fast rules as to what constitutes splitting a single or entire cause of action. The question must often be determined by the facts and circumstances of the particular case. [See 1 Corpus Juris "Actions," particularly Sections 240b, 256, 263(2) and 279b.] In Holloway v. Holloway, 99 Mo. 305, 12 S. W. 460, where one tenant in common cast a cloud on his co-tenant's title to real estate and by the same fraudulent act attempted to deprive him of all interest in certain partnership assets it was held that plaintiff had two separate causes of action. In many cases it has been held that, where a person is entitled to recover from the same defendant on account of matters growing out of different contracts or transactions, he may include all his claims in one suit or bring separate suits. [Wheless v. Serrano, 121 Mo. App. 17, 98 S. W. 108; Friedman Keller & Co. v. Olson, 187 Mo. App. 469, 173 S. W. 28; Alkire Grocer Co. v. Tagart, 60 Mo. App. 389; Rogers v. Yoder, 198 Mo. 27, 195 S. W. 50; Meyerotto v. Rommel's Estate, 227 Mo. App. 13, 49 S. W. (2d) 1081.]

The parties to the suit to cancel the trust and to the instant suit to set aside the transfer of the note have heretofore been listed in this opinion. It will be observed that they differ in the two cases. True, Adolph Merz appears as a defendant in each case, but the other defendants are different. The two suits involve different property, transferred at different times and to different persons. While both transfers were made by Julius Merz in furtherance of his fraudulent purpose to defeat his wife's rights, the defendants in the first suit (except Adolph) had no part or interest in the second transfer and the defendants in the second suit had nothing to do with the first transfer. Then, too, the defendant, Adolph Merz, had an entirely different attitude in the first suit from that which he assumes in the instant suit. In the first suit his answer agreed with plaintiff's petition that the trust was fraudulent and void and, while the plaintiff sought to set aside only one-half of the trust, he insisted on setting it aside *in toto*. In that suit, while he was a defendant in name, he was a plaintiff at heart. In the instant suit he sits on the other side of the table as the only defendant who has a substantial interest in the result. On account of the wide latitude permitted in equity cases, it may be that plaintiff could have included both transfers in a single suit, but we know of no good reason why she should have been required to do so. There is certainly one good reason why she should not have been so required. Appellant does not plead or prove that plaintiff had any knowledge of the second transfer at the time she brought her first suit. The evidence does show that nearly a year after the first suit was filed and a few days before it was tried she learned of the existence of the $20,000 note, but even then the record does

not disclose that she received any information that the note had been fraudulently transferred. It has uniformly been held that the rule prohibiting multiplicity of suits has no reference to a case where the party has no knowledge of his means of redress. [Moran v. Plankinton, 64 Mo. 337.]

Appellants Chester Doerflinger and Doerflinger Realty Company, contend that plaintiff, by her pleadings, has ratified the execution of the note and cannot now claim it to be fraudulent. Also these appellants say that, since plaintiff claims ownership and possession of specific property and these appellants are not alleged to claim any possession or interest in said property, she cannot maintain this action against them. As to their first contention: plaintiff does not claim there was any fraud in the execution of the note; only that it was fraudulently transferred to Adolph Merz. As to their second contention: the petition does not seek, and the decree does not grant plaintiff, the possession of the note. It awards her an undivided one-half interest in the note, orders the note endorsed accordingly, renders judgment against Adolph Merz for one-half the sum he has already received on the note, with interest on same, and restrains Doerflinger Realty Company and its president, Chester Doerflinger, from paying one-half of the amount yet due on the note to any one other than to the plaintiff or to her order.

We think the decree is proper under the pleadings and proof and it is accordingly hereby affirmed. All concur.