Leo M. MULLEN, Appellant,

v.

GENERAL MOTORS CORPORATION, et al., Respondents.

No. WD 32766.

Missouri Court of Appeals, Western District.

Aug. 10, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

Application to Transfer Denied Nov. 15, 1982.

Leo M. Mullen, M.D., pro se.

Paul Scott Kelly, Jr., Linda V. Gill, Gage & Tucker, Kansas City, for respondents.

Before SOMERVILLE, C.J., Presiding, and WASSERSTROM and NUGENT, JJ.

WASSERSTROM, Judge.

Plaintiff sued for breach of warranty on a new Cadillac. Defendants moved to dismiss because of a prior action pending on the same cause of action. The trial court sustained that motion, and plaintiff appeals. We affirm.

On June 12, 1979, plaintiff purchased a new automobile from defendant Major Cadillac Corporation. In December of that year the brakes failed, and Major Cadillac replaced the brakes on January 28, 1980. In his first amended petition, plaintiff alleges that on that date "defendants also were advised the automobile motor and transmission were not functioning properly and the total car should be replaced or that the motor and transmission should be replaced." Thereafter plaintiff complained that the brake repair was faulty and insufficient.

Not receiving satisfaction to his complaints, plaintiff filed his first suit CV80–07100 in the Associate Circuit Court of Jackson County, Missouri, on March 28, 1980. That lawsuit was confined to a complaint under warranty for defective brakes. A trial in that case resulted in judgment for defendants. Plaintiff on December 4, 1980, filed application for trial de novo in that suit.

While case CV80–07100 was pending in the circuit court awaiting trial de novo, plaintiff filed the present additional lawsuit, CV81–05976. This new lawsuit was filed on March 23, 1981, and made claim under warranty based on transmission and other motor defects. Motions to dismiss were filed by each of the defendants, General Motors Corporation, Major Cadillac Corporation and Roach Cadillac Corporation, on the ground of pendency of case CV80–07100. On April 25, 1981, plaintiff filed a first amended petition in the present case. On April 29, 1981, the court sustained each of the motions to dismiss plaintiff's original petition.

Defendant General Motors then moved to strike or to dismiss plaintiff's first amended petition, and plaintiff filed motion to set aside the order of dismissal dated April 29 and also asked an order permitting him to file a second amended petition. The trial court denied plaintiff's motion to set aside and granted the motion by defendant General Motors to dismiss the first amended petition. It is from the latter order that plaintiff pursues the present appeal.

His points on appeal can be summarized as follows: (1) the trial court erred in refusing to set aside the order of dismissal, because the present suit is not barred by the prior action; and (2) the trial court abused its discretion by denying plaintiff leave to file a further amended petition.

## I.

■ As a general rule, it is proper to dismiss a second suit where the plaintiff has pending a prior suit against the same defendant or defendants covering the same cause of action. *State ex rel. Aetna Life Ins. Co. v. Knehans,* 31 S.W.2d 226 (Mo.App. 1930); *Ryan v. Campbell Sixty-Six Express, Inc.,* 276 S.W.2d 128 (Mo. banc 1955). Plaintiff does not challenge that rule, but he does deny that the two cases filed by him involved the same cause of action. He contends that the claim based on the defective transmission and motor arose at a different time and is separate and distinct from the claim based on defective brakes covered by the earlier lawsuit. On that basis, he argues that he is entitled to pursue each lawsuit separately.

■ Under Missouri law, the test as to whether claims constitute part of a single cause of action or on the other hand should be treated as severable, is whether the claims arise from the same act, contract, or transaction. *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7 (1948). In the present case, both of plaintiff's claims arise out of one transaction, namely the purchase of the Cadillac automobile. In addition, both claims are based on one and the same contract, namely the new car warranty. Plaintiff's effort to bring separate suits on these claims therefore constitutes the splitting of a single cause of action in violation of settled legal principles.

An exception would be recognized if plaintiff were unavoidably ignorant of the alleged motor defects at the time he filed suit with respect to the alleged brake defects. *Wheeler Sav. Bank v. Tracey,* 141 Mo. 252, 42 S.W. 946 (1897); *Szombathy v. Merz,* 347 Mo. 776, 148 S.W.2d 1028 (1941). That exception, however, is inapplicable here for the reason that plaintiff did know at the time when he filed his first lawsuit of the existence of the alleged transmission and other motor defects. In his first amended petition, he directly alleges that he told the defendants on January 28, 1980, that "the automobile motor and transmission were not functioning properly." Thus, according to his own allegations, he knew of these alleged defects a full sixty days before he filed case CV80–07100 on March 28, 1980.

## II.

With respect to the matter of giving plaintiff leave to file a second amended petition, that rested in the sound discretion of the trial court. *Cady v. Hartford Accident and Indemnity Company,* 439 S.W.2d 483 (Mo.1969); *Smith v. St. Louis County Softball Assoc.,* 623 S.W.2d 38 (Mo.App. 1981); *Clayton Brokerage Co. of St. Louis v. Lowrance,* 592 S.W.2d 218 (Mo.App.1980). There was no abuse of discretion here in not permitting the second amended petition. The facts and circumstances of this case were simple and fully appeared from facts of record and the allegations of plaintiff's original and first amended petitions. The facts as so spelled out clearly show that the present lawsuit was barred by the pendency of the prior action by this plaintiff against these same defendants. Plaintiff made no effort to advise the trial court what additional facts he could allege by way of a second amended petition that would make any difference in the legal situation. Indeed, even in this court he still fails to advise of any additional relevant facts which he desired to plead.

There being no error, the judgment is affirmed.

All concur.